███████ 6783

# PARTIAL CLAIM MORTGAGE

6

After recording please return to:
SERVICELINK
ATTN: LOAN MODIFICATION SOLUTIONS
3220 EL CAMINO REAL
IRVINE, CA 92602
800-777-8759

This instrument was prepared by:
JAY BOTELLO
6101 CONDOR DRIVE, SUITE 200
MOORPARK, CA 93021

———————————————————— *[Space Above This Line For Recording Data]* ————————————————————

VA Case No: ▆▆▆3285                                      LOAN NO.: ▆▆▆6783

                                                         VA Partial Claim Loan No: ▆▆▆6459

# ARKANSAS MORTGAGE

THIS MORTGAGE ("Security Instrument") is given on **January 3, 2022**. The Mortgagor is **DANIEL B. HILL AND TRACY MARIE HILL**
Whose address is **5 WHITE FOX COVE, JACKSONVILLE, AR 72076**
("Borrower"). This Security Instrument is given to the Secretary of Veterans Affairs, an officer of the United States, and its successors and assigns whose address is 3401 West End Avenue, Suite 760W Nashville, TN 37203 ("Lender"). Borrower owes Lender the principal sum, as calculated under Title 38 Code of Federal Regulations ("C.F.R."), Section 36.4805(e), of **Twenty Seven Thousand Twenty Seven and 32/100ths** Dollars (U.S. **$27,027.32**). This debt is evidenced by Borrower's note dated the same date as this Security Instrument ("Note"), which provides for the full debt, if not paid earlier, due and payable on **February 1, 2044**.

SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF:

which has the address of **5 WHITE FOX COVE, JACKSONVILLE, AR 72076**, ("Property Address");

THIS DEBT is evidenced by Borrower's Note, dated the same date as this Security Instrument ("Note"), which provides that the repayment of the full principal sum is required immediately upon: (1) the transfer of title to the Property secured by the Security Instrument; or (2) the refinancing or payment in full otherwise, of all amounts due under the primary Note and related mortgage, deed of trust or similar Security Instruments guaranteed by the Secretary, with which the Note and this Subordinate Mortgage are associated.

Arkansas Mortgage-Single Family                 Page 1 of 6

BORROWER MAY make payments for this subordinate loan, in whole or in part, without charge or penalty. If Borrower makes a partial prepayment there will be no changes in the due date unless Lender agrees in writing to those changes.

THIS SECURITY INSTRUMENT secures to Lender: (a) the repayment of the debt evidenced by the Note, and all renewals, extensions and modifications of the Note; (b) the payment of all other sums, advanced under Paragraph 7 to protect the security of this Security Instrument; and (c) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower does hereby mortgage, warrant, grant and convey to the Lender, with the power of sale the following described property located in **PULASKI** County, Arkansas:

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."

BORROWER COVENANTS that Borrower is lawfully seized of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances or record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

Borrower and Lender covenant agree as follows:

UNIFORM COVENANTS.

1. **Payment of Principal.** Borrower shall pay when due the principal of the debt evidenced by the Note.

2. **Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time of payment of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successor in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

3. **Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower. Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the term of this Security Instrument or the Note without that Borrower's consent.

4. **Notices.** Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given by first class mail to: BSI Financial Services, Attn: Payments, P.O. Box 679002, Dallas, TX 75267 or any




address Lender designates by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

**5. Governing Law; Severability.** This Security Instrument shall be governed by Federal law and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable.

**6. Borrower's Copy.** Borrower shall be given one conformed copy of the Note and of this Security Instrument.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

**7. Acceleration; Remedies.** If the Lender's interest in this Security Instrument is held by the Secretary and the Secretary requires immediate payment in full under Paragraph 4 of the Note, Secretary may invoke the nonjudicial power of sale provided in the Single Family Mortgage Foreclosure Act of 1994 ("Act") (12 U.S.C. § 3751 et seq.) by requesting a foreclosure commissioner designated under the Act to commence foreclosure and to sell the Property as provided in the Act. Nothing in the preceding sentence shall deprive the **Secretary** of any rights otherwise available to a Secretary under this paragraph or applicable law.

**Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in the Note or this Security Instrument. The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 7, including, but not limited to, reasonable attorneys' fees and costs of title evidence.**

**It is understood and agreed to by Borrower that this Security Instrument is subject to the foreclosure procedures of the Arkansas Statutory Foreclosure Law, Act 53 of 1987, as amended from time to time (the "Act"), for Borrower's breach of any covenant or agreement in this Security Instrument. Any forbearance by Lender in exercising any right or remedy under the Act shall not be a waiver of or preclude acceleration and the exercise of any right or remedy under the Act, or at the option of Lender, use of judicial foreclosure proceedings.**

**8. Release.** Upon payment in full of all sums secured by this Security Instrument, Lender shall release this Security Instrument. Borrower shall pay any recordation costs. Lender may charge Borrower a fee for releasing this Security Instrument, but only if the fee is paid to a third party for services rendered and the charging of the fee is permitted under Applicable Law.

**9. Waivers.** Borrower waives all rights of homestead exemption in, and statutory redemption of, the Property and all right of appraisement of the Property and relinquishes all rights of curtesy and dower in the Property.



**EXHIBIT A**

## REQUEST FOR NOTICE OF DEFAULT AND FORECLOSURE UNDER SUPERIOR MORTGAGES OR DEEDS OF TRUST

Borrower and Lender request the holder of any mortgage, deed of trust or other encumbrance with a lien which has priority over this Security Instrument to give notice to Lender, at Lender's address set forth on page one of this Security Instrument, of any default under the superior encumbrance and of any sale or other foreclosure action.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.

_____ Date: 1/14/22
Borrower - **DANIEL B. HILL**

_____ Date: 1/14/22
Borrower - **TRACY MARIE HILL**

## ACKNOWLEDGMENT

State of Arkansas §
County of Pulaski §
§

On this 14th day of January, 2022, before me, Emilia Ann Vazquez a Notary Public, (or before any officer within this State or without the State now qualified under existing law to take acknowledgments,) appeared the within named **DANIEL B. HILL AND TRACY MARIE HILL**, to me personally well known (or satisfactorily proven to be such person), who stated and acknowledged that he/she had so signed, executed and delivered said foregoing instrument for the consideration, uses, and purposes therein mentioned and set forth.

IN TESTIMONY WHEREOF, I have hereunto set my hand and official seal this 14th day of January, 2022.

Signature of Officer: Emilia Ann Vazquez
Printed Name: Emilia Ann Vazquez
Title of Officer: Pulaski County Notary
My Commission Expires: 06-24-2031

(Seal)

Arkansas Mortgage-Single Family
Page 4 of 6

If applicable, the following Lienholder Information is provided:

JAY BOTELLO
LOSS MITIGATION
SERVICELINK
3220 EL CAMINO REAL, IRVINE, CA 92602
800-777-8759

Loan Originator Organization: PennyMac Loan Services, LLC, NMLSR ID: 35953
Individual Loan Originator's Name NMLSR ID: N/A

Arkansas Mortgage-Single Family

Page 5 of 6





EXHIBIT A

# EXHIBIT A

BORROWER(S): DANIEL B. HILL AND TRACY MARIE HILL

LOAN NUMBER: ████6783

LEGAL DESCRIPTION:

STATE OF ARKANSAS, COUNTY OF PULASKI, AND DESCRIBED AS FOLLOWS:

LOT 78, FOXWOOD SUBDIVISION, PHASE III, TO THE CITY OF JACKSONVILLE, PULASKI COUNTY, ARKANSAS.

Parcel ID Number: 12J-009-00-079-00
ALSO KNOWN AS: 5 WHITE FOX COVE, JACKSONVILLE, AR 72076

Arkansas Mortgage-Single Family

Page 6 of 6



EXHIBIT A

VA Case #: ▉▉▉▉3285

LOAN NO.: ▉▉▉▉6783

VA Partial Claim No: ▉▉▉▉▉▉▉▉6459

# NOTE

**January 3, 2022**  
[Date]

**JACKSONVILLE**  
[City]

**ARKANSAS**  
[State]

**5 WHITE FOX COVE, JACKSONVILLE, AR 72076**  
[Property Address]

## 1. PARTIES

"Borrower" means each person signing at the end of this Note, and the person's successors and assigns. "Secretary" or "Lender" means the Secretary of Veterans Affairs, an Officer of the United States, and its successors and assigns.

## 2. BORROWER'S PROMISE TO PAY

In return for a loan received from Lender, Borrower promises to pay the principal sum, as calculated under Title 38 Code of Federal Regulations ("C.F.R."), Section 36.4805(e), of **Twenty Seven Thousand Twenty Seven and 32/100ths** Dollars (U.S. **$27,027.32**), to the order of the Lender or Note Holder.

Borrower will make all payments under this Note in the form of cash, check, or money order.

Borrower understands Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to received payments under this Note is called the "Note Holder."

## 3. PROMISE TO PAY SECURED

Borrower's promise to pay is secured by a mortgage, deed of trust or similar security instrument that is dated the same date as this Note and called the "Security Instrument." The Security Instrument protects the Lender from losses, which might result if Borrower defaults under this Note.

## 4. MANNER OF PAYMENT

(A) Time

Repayment of the full principal sum is required on **February 1, 2044** or earlier, when the first of the following events occurs: (1) the transfer of title to the Property secured by the Security Instrument; or (2) the refinancing or payment in full otherwise, of all amounts due under the primary Note and related mortgage, deed of trust or similar

---

**Multistate Partial Claim Note—Single Family**



Security Instruments guaranteed by the Secretary, with which this Note and Subordinate Mortgage are associated.

(B) Place

**Payment shall be made to BSI Financial Services, Attn: Payments, P.O. Box 679002, Dallas, TX 75267 or any such other place a lender or Note Holder may designate in writing by notice to Borrower.**

## 5. BORROWER'S RIGHT TO PREPAY

Borrower has the right to pay the debt evidenced by this Note, in whole or in part, without charge or penalty. If Borrower makes a partial prepayment, there will be no changes in the due date or in the amount of the monthly payment unless Lender agrees in writing to those changes.

## 6. BORROWER'S FAILURE TO PAY AS REQUIRED

(A) Default

If Borrower does not pay the full amount due on the date it is due, Borrower will be in default and Note Holder is entitled to exercise all remedies provided by, and in accordance with, applicable law.

(B) Notice of Default

If Borrower is in default, Note Holder may send a written notice of default as required by applicable law.

(C) No Waiver By Note Holder

If, at any time Borrower is in default, Note Holder does not require immediate payment in full, the Note Holder does not waive such right and may require immediate payment at any time Borrower remains in default.

(D) Payment of Note Holder's Costs and Expenses

In the event of Borrower's default, Borrower will be liable to Note Holder for all costs and expenses of enforcing this Note to the full extent of applicable law, including but not limited to, reasonable attorney fees and court costs.

## 7. WAIVERS BY BORROWER

Borrower and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require Lender to demand

**Multistate Partial Claim Note—Single Family**

Page 2 of 3




**EXHIBIT A**

payment of amounts due. "Notice of dishonor" means the right to require Lender to give notice to other persons that amounts due have not been paid.

## 8. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. Lender may enforce its rights under this Note against each person individually or against all signatories together. Any one person signing this Note may be required to pay all the amounts owed under this Note.

## 9. V.A. REGULATIONS

Regulations (38 C.F.R. Part 36) issued under the U.S. Department of Veterans Affairs ("VA") Guaranteed Loan Authority (38 U.S.C. Chapter 37) and in effect on the date of loan closing shall govern the rights, duties, and liabilities of the parties to this loan and any provisions of this Note which are inconsistent with such regulations are hereby amended and supplemented to conform thereto.

## 10. SEVERABILITY

If one section of this instrument is found to be void or unenforceable such determination shall not affect the validity or enforceability of other provisions, all of which shall remain in full force and effect.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Note.

_____   Date: 1/14/22
Borrower - DANIEL B. HILL

_____   Date: 1/14/22
Borrower - TRACY MARIE HILL

Loan Originator Organization: PennyMac Loan Services, LLC, NMLSR ID: 35953
Individual Loan Originator's Name NMLSR ID: N/A

